IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | CR. NO. 2:05-CR-45-WHA |
| ) | (WO) |
| JEREMY ANTWON STEELE ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 10, 2018, the defendant filed a motion for nunc pro tunc judgment and a motion to appoint counsel. (Doc. # 136) The motion lacks merit. On February 9, 2005, Steele and Prentess Deshum Walker were indicted for multiple offenses. On August 19, 2005, Walker pleaded guilty under a plea agreement to conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (Count One), aiding and abetting carjacking in violation of 18 U.S.C. §§ 2 & 2119 (Count Two), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). Walker was sentenced to 327 months in prison, consisting of consecutive terms of 180 months on the conspiracy count, 63 months on the carjacking count, and 84 months on the firearm count. Walker later filed a 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *Walker v. United States of America*, Civ. Act. 2:14cv625-MHT (M.D. Ala. 017). After review of the § 2255 motion, the court concluded that Walker's erroneous sentence on the conspiracy count claim was meritorious because the 180 month sentence on the § 371

conspiracy county exceed the statutory maximum of 60 months. The court further found that Walker's claims based on *Rosemond v. United States*, 134 S. Ct. 1240 (2014); *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), afforded Walker no basis for relief. On December 21, 2017, the court resentenced Walker to 88 months imprisonment.

Steele's journey to prison took a slightly different route. On August 23, 2005, Steele pled guilty to aiding and abetting carjacking in violation of 18 U.S.C. §§ 2 & 2119 (Count Two), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). Steele's sentencing was held on January 6, 2006, and judgment was entered on January 10, 2006. Steele was sentenced to 252 months imprisonment consisting of 168 months on the carjacking offense and 84 months on the firearm offense. As Steele now puts it,

> Petitioner moves this Honorable Said Court to GRANT this Motion and assist Petitioner by appointing Counsel in making the same corrections that his Co-Defendant made and in giving his case close scrutiny based on the now severe Sentence Disparity both defendants (sic)

(Doc. # 136 at 4)

Walker and Steele's sentences are not disparate; they are different. Steele was not convicted of conspiracy; Walker was, and that led to his sentence reduction because of the erroneous imposition of a 180 month sentence on the conspiracy

conviction.  Of course the sentences imposed on Walker and Steele for carjacking were different, but there are myriad reasons for that.

To begin with, the court found that Steele was an organizer of the offense warranting an enhancement as an organizer of criminal activity which included five or more participants.  (Doc. # 96 at 95)  At the sentencing hearing, the court found that Steele's offense level was 31 and his criminal history category was I resulting in a Guideline range for the carjacking offense of 108 to 135 months.  Based on U.S.S.G. § 5K2.0 the court found that the Guidelines did not adequately consider the risk the defendant's actions created to other people in the area where the crime was committed.  *Id*. at 105.

> Also, it appears to me that the guidelines don't adequately consider the threat to the child, the child himself, in addition to the mother, Ms. Bailey, or the trauma placed on the mother and the child by the son being held hostage and her0 being told that the child would not be released, although later on she did get the child. I don't understand from her testimony that the child was voluntarily released to her. She desperately took her child and left with him.
>
> I think both of those things qualify as an authorization for the Court to depart upward under Section 5K2.0. Under 5K2.8, that indicates that if a -- provides that if the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the Court may increase the sentence to reflect the nature of the conduct. The same things apply that I said a minute ago to 5K2.8, that she was threatened with the death of her son. Pistols were pointed at her, at the child, in the course of taking the car. It is a heinous, cruel, brutal, and degrading thing to the victim and under Section 5K2.8 would authorize the Court to depart upward.

(Doc. # 96 at 106-07)

3

With those findings, the court found that the applicable Guideline range was 135 to 168 months.  And on the carjacking count, Count 2 the court imposed a sentence of 168 months and on the firearm count, Count 3, the court imposed a consecutive sentence of 84 months.

But all that aside, Walker's sentence was reduced based on a specific sentencing error applicable only to him.  Steele did not plead guilty to a conspiracy count which was the source of the error in Walker's case.  There is no basis for Steele to complaint; therefore there is no basis for appointment of counsel.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge  that the defendant's motion (Doc. # 136) be DENIED.  It is further

ORDERED that on or before June 21, 2018, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation

accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of June, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE